

# Fourth Court of Appeals
## San Antonio, Texas

February 16, 2018

No. 04-18-00071-CR

Victoria Isabella **HALL,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR10261
Honorable Catherine Torres-Stahl, Judge Presiding

# O R D E R

Pursuant to a plea-bargain agreement, Victoria Isabella Hall pled guilty to aggravated assault with a deadly weapon and was sentenced to five years in prison and a $1500.00 fine in accordance with the terms of her plea-bargain agreement. On January 19, 2018, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Hall filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See id*. 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id*. 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id*. 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes that the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id*. Furthermore, the clerk's record does not show that any matters were raised by written motion filed and ruled on before trial, nor does it indicate that the trial court gave its permission to appeal *See id*. The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Hall does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. 25.2(d).

This appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that Hall has the right to appeal is made part

of the appellate record by **March 19, 2018**. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order).

We ORDER all appellate deadlines be suspended until further order of the court.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 16th day of February, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court